# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHNNIE A. TUCKER, as Administrator of the Estate of BRENDA KAY TUCKER, | CASE NO.: 2:16-cv-863 |
| Plaintiff, | JUDGE: |
| v. | |
| KAREN NELSON, D.O., and HOLZER CLINIC LLC, | |
| Defendants. | |

## **COMPLAINT**

Plaintiff, Johnnie A. Tucker, as Administrator of the Estate of Brenda Kay Tucker, by and through the undersigned counsel, files his original Complaint against Defendants, Karen Nelson, D.O., and Holzer Clinic LLC, and alleges as follows:

1. This Court properly has diversity jurisdiction of this action pursuant to 28 U.S.C. §1332(a), as the matter in controversy exceeds the sum value of $75,000.00, exclusive of interest and costs, and it is between citizens/entities of different states.

2. Venue in this action properly lies in the Southern District of Ohio pursuant to 28 U.S.C. §§ 1391 (a) and (c), as a substantial number of the events, actions, or omissions giving rise to Plaintiff's claims occurred in Gallipolis, Gallia County, Ohio.

3. Plaintiff's decedent, Brenda Kay Tucker, was a citizen and resident of Mason County, West Virginia up until the time of her death. Johnnie A. Tucker, her son, was duly appointed Administrator of said Estate by the Clerk of the County Commission in Mason County, West Virginia. The Letter of Administration is attached hereto as **Exhibit A**.

4. Defendant Karen Nelson, D.O. (hereinafter referred to as "Dr. Nelson") was at all relevant times herein a physician practicing medicine at the Holzer Clinic in Gallipolis, Ohio. At all relevant times herein, Dr. Nelson was licensed to practice medicine in the state of Ohio.

5. At all relevant times herein, Dr. Nelson was acting within the course and scope of her employment or agency, and/or pursuant to the direction and control of Defendant, Holzer Clinic LLC (hereinafter "Holzer Clinic"), rendering Defendant Holzer Clinic vicariously liable for Dr. Nelson's acts and omissions alleged herein.

6. Upon information and belief, at all relevant times, Dr. Nelson was and is a citizen of the State of Ohio.

7. Defendant Holzer Clinic was and is an Ohio for-profit corporation with its principal place of business located at, Gallia County, Ohio.

8. A substantial portion of the acts and/or omissions as alleged in this Complaint occurred on November 2 and 3, 2015 at the Holzer Clinic located in Gallipois, Ohio while Plaintiff's decedent Brenda Kay Tucker was a patient at the Holzer Clinic.

9. On November 2, 2015, Brenda Tucker, who was 64 years old, underwent an outpatient procedure at the Holzer Clinic, performed by Dr. Dean Siciliano, which included an angiogram, angioplasty, and stenting of the left common iliac artery. Per Dr. Siciliano, such procedure was successful in treating Mrs. Tucker's occlusion of her left common iliac artery.

10. Approximately one hour later, Mrs. Tucker complained of right foot pain. Examination of Mrs. Tucker's foot demonstrated that it was somewhat pale from the ankle down. The plan of treatment for Mrs. Tucker was to begin and continue a heparin drip with follow-up the next morning and possible discharge from the hospital.

11.     Approximately a few hours later, Dr. Nelson was consulted. Mrs. Tucker's pain significantly increased in her foot, and Dr. Nelson ultimately took Mrs. Tucker back to surgery. Dr. Nelson performed an emergent selective right common femoral artery angiogram with runoff; thrombectomy; and a catheter-directed thrombolysis.

12.     Following the removal of the catheter, Mrs. Tucker suffered an arterial bleed. Dr. Nelson was negligent in failing to diagnose and appropriately treat Mrs. Tucker's arterial bleed, and as a result, Mrs. Tucker passed away on November 3, 2015.

13.     Dr. Nelson negligently and in a deviation from the standard of medical care failed to appropriately recognize, diagnose and properly treat Mrs. Tucker's arterial bleed.

14.     These deviations from the appropriate standard of medical care by Dr. Nelson proximately caused Brenda Kay Tucker to suffer hemorrhagic shock and ultimately caused her death.

15.     Dr. Nelson's breach of the standard of care further deprived Brenda Kay Tucker of a chance of recovery or increased the risk of harm to Brenda Kay Tucker which was a substantial factor in her death.

16.     Defendant Holzer Clinic is vicariously liable for all acts and omissions of Defendant Karen Nelson, D.O. which occurred within the course and scope of her employment with Holzer Clinic.

17.     In conformity with Ohio Civil Rule 10(D)(2), an Affidavit of Merit is attached hereto as **Exhibit B**.

## FIRST CAUSE OF ACTION
### (Survivorship Claim)

18.     Plaintiff incorporates paragraphs 1 through 17 above as if fully alleged herein.

19. As a direct and proximate result of the breach of the standard of care by Defendant as described above, Brenda Kay Tucker suffered personal injuries, incurred medical expenses, and ultimately suffered an untimely and wrongful death on November 3, 2015.  Before she died, Plaintiff's decedent endured significant pain, suffering, and mental anguish.

**WHEREFORE,** Plaintiff, Johnnie A. Tucker, as Administrator of the Estate of Brenda Kay Tucker, demands judgment from Defendants, Karen Nelson, D.O. and Holzer Clinic, for all damages available, including compensatory damages, attorneys' fees, costs, interest and for such other relief as may be proper under the law.

### SECOND CAUSE OF ACTION
**(Wrongful Death Claim)**

20. Plaintiff incorporates paragraphs 1 through 19 above as if fully alleged herein.

21. As a direct and proximate result of the breach of the standard of care by Defendant as described above, Brenda Kay Tucker suffered an untimely and wrongful death on November 3, 2015.

22. As a direct and proximate result of the Defendant's negligence and substandard care of Brenda Tucker, as stated herein, the heirs and next of kin of Brenda Tucker have suffered the wrongful death of Brenda Tucker and are entitled to damages as allowed under Ohio Revised Code §§ 2125.01 and 2125.02.

23. Furthermore, as a direct and proximate result of the Defendant's negligence and substandard care of Brenda Tucker, as stated herein, the Plaintiff has incurred the funeral and burial expenses of Plaintiff's decedent. Additionally, Plaintiff's decedent's heirs have suffered the loss of the support, services, and society of the decedent, including loss of companionship,

4

care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, as well as all other damages allowed by law.

**WHEREFORE,** Plaintiff, Johnnie A. Tucker, as Administrator of the Estate of Brenda Kay Tucker, demands judgment from Defendants, Karen Nelson, D.O. and Holzer Clinic, for all damages available, including compensatory damages, attorneys' fees, costs, interest and for such other relief as may be proper under the law.

### JURY DEMAND

A trial by jury is hereby demanded on all issues presented herein.

Dated September 8, 2016                                   Respectfully submitted,


/s *Peter H. Weinberger*_____
Peter H. Weinberger (Ohio Bar No. 0022076)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Ave. E, Ste. 1700
Cleveland, OH  44114
(216) 696-3232 - Office
(216) 696-3924 – Facsimile
PWeinberger@spanglaw.com

Robert V. Berthold, Jr. (WVSB#326)
*\*awaiting Pro Hac Vice Admission*
Holly G. DiCocco (WVSB#8571)
*\*awaiting Pro Hac Vice Admission*
**BERTHOLD LAW FIRM, PLLC**
P.O. Box 3508
208 Capitol St.
Charleston, WV 25335
(304) 345-5700 - Office
(304) 345-5703 - Facsimile